IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                                          PLAINTIFF/RESPONDENT

V.                                    No.  2:98-CR-20014-JLH

GERMAN B. MIRANDA                                                                  DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion for Writ of Error of Audita Querela Pursuant to 28 U.S.C. Section 1951 (Doc. 100 ) filed September 9, 2008.  The United States of America filed a Response (Doc. 104) on February 6, 2009.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

Petitioner was sentenced by judgment filed August 25, 1998 to 262 months imprisonment in the Federal Bureau of Prisons. This sentence was imposed by Chief U.S. District Judge Jimm Larry Hendren, following a plea of guilty to one count of Manufacture of Cocaine Base, a violation of 21 U.S.C. § 841(a)(1). Defendant appealed, and the appeal was denied in an unpublished opinion by the Eighth Circuit Court of Appeals. See *United States v. German Miranda*, 198 F.3d 251 (8th Cir.1999).

Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 (Doc. 41) on September 26, 2000, which was denied  on May 14, 2001 (Doc. 62), and affirmed by the Eighth Circuit Court of Appeals on or about February 20, 2002. A Petition for a Writ of Certiorari was denied by the

Supreme Court on or about June 17, 2002.

Petitioner filed a Motion for Sentence Correction under 18 U.S.C. 3582(c)(2) (Doc. 77) on March 3, 2008, which was denied by Chief U.S. District Judge Hendren, (Doc. 83) as well as on direct appeal by the Eighth Circuit Court of Appeals. See *United States v. German Miranda*, 524 F.3d 840 (8th Cir. 2008).

On September 9, 2008, Petitioner filed a "Petition for Writ of Error of Audita Querela", seeking relief on the grounds that the Supreme Court's holding in United States v. Booker in 2005 should be applied retroactively, to allow re-sentencing of his case under a non-binding sentencing guideline system, rather than the mandatory guideline sentence he received.

## II. Discussion

A Writ of Audita Querela is used to challenge a judgment that was correct at the time it was issued, but which was rendered infirm by matters that arose after its issuance. *Durrani v. U.S.*, 294 F. Supp. 2d 204 (D. Conn. 2003), aff'd, 115 Fed. Appx. 500 (2d Cir. 2004); *Hanan v. U.S.*, 402 F. Supp. 2d 679 (E.D. Va. 2005), order aff'd, 213 Fed. Appx. 197 (4th Cir. 2007).

A person seeking a writ of audita querela must show a legal defense or discharge to the judgment; a "legal defense" concerns a legal defect in the underlying sentence or conviction. *U.S. v. Hovsepian*, 359 F.3d 1144, 13 A.L.R. Fed. 2d 845 (9th Cir. 2004).

Writs of audita querela and coram nobis "are similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n. 1 (5th Cir.1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." Id. By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." Id

The Petitioner contends his conviction and sentencing in 1998, when the sentencing guidelines were mandatory, is now infirm because of the ruling in United States v. Booker in 2005.

A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a " 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. at 495, 110 S.Ct. 1257 (quoting *1181 Teague, supra, at 311, 109 S.Ct. 1060 (plurality opinion)). *Whorton v. Bockting* 127 S.Ct. 1173, *1180 -1181 (U.S.,2007)

A rule is substantive, rather than procedural, if it "alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).

When a Supreme Court decision results in a "new rule" of criminal procedure, that rule applies to all criminal cases still pending on direct review, but, as to convictions that are already final, the rule applies only in limited circumstances. See *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). New substantive rules-which narrow the scope of a criminal statute or which place particular conduct or persons covered by the statute beyond the State's power to punish-generally apply retroactively. See id. at 2522-23. New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating "the fundamental fairness and accuracy of the criminal proceeding," or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct. See id. at 2523, 542 U.S. 348; *Teague v. Lane*, 489 U.S. 288, 310-11, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (unless exception applies, new constitutional rules of criminal procedure will not be applicable to those

cases which have become final before new rules are announced; exceptions are for rules that (1) place conduct beyond power of criminal law-making body to proscribe or (2) are "watershed rules of criminal procedure"); *United States v. Moss*, 252 F.3d 993, 997 & n. 3 (8th Cir.2001), cert. denied, 534 U.S. 1097, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002).

The eighth circuit, in Never Misses A Shot v. U.S., has held that "the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings". *Never Misses A Shot v. U.S.* 413 F.3d 781, 783 (C.A.8 (S.D.),2005) This is the ruling followed in other jurisdictions.  See *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir.2005) (holding Booker does not apply retroactively on collateral review); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir.2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); *United States v. Price*, 400 F.3d 844, 845 (10th Cir.2005) (same); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir.2005) (same); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.) (same), cert. denied, 545 U.S. 1110, 125 S.Ct. 2559, 162 L.Ed.2d 285, 2005 WL 1105026 (2005);

This ruling has been repeatedly affirmed by the Eighth Circuit in a number of opinions. *United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006); *Ausler v. United States*, 545 F.3d 1101 (8th Cir. 2008); *Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030 (8th Cir. 2008).

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 1951, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED February 27, 2009.

                                        /s/ J. Marschewski
                                        HONORABLE JAMES R. MARSCHEWSKI
                                        UNITED STATES MAGISTRATE JUDGE