```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

      v.                            No. 98-20014

**GERMAN B. MIRANDA**                                                     **DEFENDANT**

### O R D E R

NOW on this 4th day of April 2012, comes on for consideration the defendant's **Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 750 to the United States Sentencing Guidelines** (Doc. 115), and the government's response thereto (Doc. 116).  The Court, being well and sufficiently advised, finds as follows:

1.  Defendant was indicted on four counts of distributing cocaine base (crack cocaine) and two counts of manufacturing cocaine base.  Defendant pled guilty to one count of manufacturing cocaine base in violation of 21 U.S.C. § 841(a)(1).

On August 1, 1998, defendant was sentenced by the undersigned.  At said sentencing hearing, the Court determined that defendant's base offense level was 34 based on the drug quantities involved, per § U.S.S.G. 2D1.1.

Because defendant met the requirements for a career offender under U.S.S.G. § 4B1.1, however, the Court was instructed to use the higher offense level provided under § 4B1.1, which was 37.  The Court then reduced defendant's offense level by three points for

acceptance of responsibility under § 3E1.1. Thus, defendant's total offense level was determined to be 34 with a criminal history category of VI. Defendant's sentencing range was 262- 327 months.

The Court sentenced defendant to 262 months imprisonment; five years supervised release; $100 special assessment; and a $5,000 fine.

2. Defendant appealed his judgment and sentence. On October 22, 1999, the Eighth Circuit affirmed this Court.

3. On March 3, 2008, defendant filed a Motion to Modify Sentence Pursuant to 18 U.S.C. 3582(c)(2) in which he asked the Court to reduce his sentence. Defendant's motion was based, in part, on Amendment 706 of the United States Sentencing Guidelines, which altered the drug quantity table in U.S.S.G. § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels. *United States v. Higgins*, 584 F.3d 770, 771 (8th Cir. 2009).

The Court denied the motion and the Eighth Circuit affirmed. In its opinion, the Eighth Circuit stated that "[b]ecause Miranda was sentenced as a career criminal, he is not eligible for such a reduction." *United States v. Miranda*, 524 F.3d 840 (8th Cir. 2008).

4. On March 19, 2012, defendant filed his second § 3582(c)(2) motion in which he asserts that his sentence should be retroactively reduced pursuant to Amendment 750 of the United States Sentencing Guidelines, which became effective November 1,

2011.  Amendment 750 retroactively lowered the sentencing guideline ranges for certain federal crack cocaine offenders.  However, like Amendment 706, Amendment 750 did not change the career offender guideline range.  Thus, because defendant was sentenced under § 4B1.1 as a career offender, he does not qualify for a sentence reduction under Amendment 750.

Therefore, defendant's § 3582(c)(2) motion is without merit and will be denied.  *See United States v. Tepper*, 616 F.3d 583, 585 (8th Cir. 2010) (affirming district court's denial of § 3582(c)(2) motion where defendant was sentenced under career offender provision).  Further, because defendant has failed to show that his sentencing range was lowered by the Sentencing Commission, the Court need not hold a sentencing hearing to address the factors set forth in § 3553(a).

**IT IS THEREFORE ORDERED** that defendant's **18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction** (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

> **/s/ Jimm Larry Hendren**
> **HON. JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**